Cleveland v. O'Neil.

EDMUND J. CLEVELAND and others, executors,

*v.*

BRIDGET O'NEIL and others.

An allegation in an answer that the defendants, as executors, received a certain amount usuriously, is not sustained by proof that one of them individually received a part of such sum from defendant's agent.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. E. S. Atwater*, for complainants.

*Mr. W. R. Wilson*, for defendants.

Nestal *v.* Schmid.

THE CHANCELLOR.

The answer sets up usury. It alleges that there was a corrupt and unlawful agreement between the mortgagor and the complainants, by which the latter should receive $333.75 as a premium, over and above lawful interest, for a loan by them to him of $1,891.25, and that they received that premium accordingly. The proof, if considered most favorably for the defence, does not sustain it; it does not show that the complainants, or either of them, received that sum, but shows that one of them received, on his own account, as commissions, $311.50. The answer avers that the alleged contract for the payment of the premium was made with both executors. The proof does not sustain the allegation that there was a contract. The mortgagor, according to the proof, told Davis, who was his agent, and not the agent of the complainants, that he would willingly give fifteen per cent. for the money. Davis induced the complainants to make the loan. They paid to Davis, for the mortgagor, the whole amount of the principal mentioned in the mortgage, $2,225. He disbursed all of it, except $333.75, for and as agent of the mortgagor, and of that he appears to have retained $22.25 for himself, and to have given the rest to one of the executors, who received and retained it for his own individual use.

Applying the rule which requires strict conformity of the proof to the pleading in such cases, the defence must be adjudged to have failed.